**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Lonnie Sorrell,<br><br>    Plaintiff,<br><br>v.<br><br>Department of Veterans Affairs,<br><br>    Defendant. | No. CV-16-03802-PHX-DLR<br><br>**ORDER** |

This action arises out of the U.S. Department of Veterans Affairs' (VA) denial of Plaintiff's administrative claim for disability benefits and medical malpractice claim under the Federal Tort Claims Act. Before the Court is the VA's motion to dismiss for lack of subject matter jurisdiction and for a more definite statement of any remaining claim. (Doc. 10.) The motion is fully briefed and neither party requested oral argument. (Docs. 13, 15.) For reasons stated below, the motion is granted.

**I. Background**

Plaintiff has been diagnosed by non-VA physicians with carpal tunnel syndrome and trigger fingers. A VA medical practitioner examined Plaintiff in September 2013. The VA thereafter determined that his impairments were not service related and denied his claim for disability benefits. In March 2015, Plaintiff filed an administrative tort claim seeking $800,000 in damages, which the VA denied six months later. Plaintiff's request for reconsideration was denied in January 2017.

Plaintiff filed a state court action for medical malpractice against the VA in July 2015, which was removed to this Court several months later. *See Sorrell v. Dep't of VA*, No. CV-16-00293-PHX-DLR (D. Ariz. Feb. 1, 2016). The Court dismissed the case because the state court never had jurisdiction given that tort claims against the United States must be brought in federal court in the first instance. *Id.* Plaintiff then commenced the present suit on November 3, 2016. (Doc. 1.)

**II. Discussion**

The VA argues that the Court lacks subject matter jurisdiction over any challenge to the handling and denial of Plaintiff's administrative claim for disability benefits because the Veteran's Judicial Review Act of 1988 (VJRA) stripped district courts of jurisdiction over such claims. (Doc. 10 at 6-8.) With respect to Plaintiff's medical malpractice claim, the VA contends that it is impermissibly vague and requests a more definite statement of the claim. (*Id.* at 8-10.) The VA also requests that Plaintiff be ordered to comply with A.R.S. § 12-2603, which requires a preliminary expert opinion on the applicable standard of care, liability, and causation. (*Id.* at 10-11.)

**A. Motion to Dismiss for Lack of Jurisdiction**

It is axiomatic that federal courts are courts of limited jurisdiction and "possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "It is to be presumed that a cause of action lies outside the limited jurisdiction of the federal courts and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Hunter v. Phillip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Under Federal Rule of Civil Procedure 12(b)(1), dismissal is proper when subject matter jurisdiction is lacking. *See Amfac Mortg. Corp. v. Ariz. Mall of Tempe, Inc.*, 583 F.2d 426, 431 n.5 (9th Cir. 1978).

The VA is correct that the Court lacks jurisdiction over any challenge to the VA's denial of benefits. The VJRA expressly provides that the Secretary of Veterans Affairs "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents

or survivors of veterans." 38 U.S.C. § 511(a). The Secretary's decision "shall be final and conclusive and may not be reviewed by any other official or by any court[.]" 38 U.S.C. § 511(b). Consistent with these statutory directives, this Circuit recently affirmed that district courts are without authority to review the VA's benefits decisions. *Recinto v. U.S. Dep't of VA*, 706 F.3d 1171, 1175 (9th Cir. 2013) (citing *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1022-25 (9th Cir. 2012) (en banc)). Stated differently, if reviewing the plaintiff's claim "would require review of the circumstances of individual benefits requests, jurisdiction is lacking." *Id.*

The complaint in this case purports to assert a medical malpractice claim, but in the request for relief Plaintiff explicitly seeks a VA disability rating of 100% and retroactive benefit payments. (Doc. 1 at 7.) Plaintiff does not dispute that resolution of the medical malpractice claim, as pled in the complaint, necessarily would require "review of the circumstances of [his] individual benefits request." *Recinto*, 706 F.3d at 1175. Indeed, Plaintiff makes clear in his response that the "tort claim is inextricably intertwined with the denial of VA disability benefits" and that the alleged medical malpractice relates to both the tort claim and the request for benefits. (Doc. 13 at 1.)

Under the VJRA, however, the Secretary "decides all issues of fact or law affecting the provision of benefits to veterans, including reviewing the VA's benefits determinations." *Sheppard v. United States*, No. CV-15-00574-PHX-DJH, 2015 WL 12658461, at *2 (D. Ariz. Aug. 3, 2015). The Court, therefore, cannot review the facts or law upon which the VA based its decision to deny disability benefits to Plaintiff "because such a review is exclusively within the province of the [Secretary]." *Id.* Plaintiff's complaint is dismissed for lack of subject matter jurisdiction to the extent it seeks review of the circumstances surrounding the VA's decision to deny disability benefits. *See id.* (dismissing claim for lack of jurisdiction where the plaintiff was "alleging violations committed by the VA in the handling of his benefits"); *Haas v. Oregon Health & Science Univ.*, No. CV-13-01290-PHX-GMS, 2014 WL 900726, at *2 (D. Ariz. Mar. 7, 2014) (dismissing complaint against the VA for denying an organ transplant request where it

"would entail the review of both the facts of [the] case and the law relating to the VA's treatment decision"); *Wright v. United States*, No. 14-cv-03008-CRB, 2015 WL 1205263, at *3 (N.D. Cal. Mar. 16, 2015) (finding the absence of subject matter jurisdiction over "claims regarding [the plaintiff's] benefits and her VA medical care and records that relate to her VA benefits or benefits decisions"); *Lietz v. United States*, No. 14-cv-00483-EJL-REB, 2016 WL 6871284, at *4 (D. Idaho Feb. 15, 2016) (explaining that "the Ninth Circuit determined in no uncertain terms that the VJRA and § 511 applied to divest federal district courts of jurisdiction to consider a veteran's claim of unreasonable delays in health care and disability compensation").

## B. Motion for a More Definite Statement

Where the complaint is so vague or ambiguous that a response cannot reasonably be prepared, "the defendant may move for an order under Rule 12(e) requiring a more definite statement by pointing out 'the defects complained of and the details desired.'" *Bautista v. Cnty. of L.A.*, 216 F.3d 837, 843 n.1 (9th Cir. 2000). The VA moves for a more definite statement with respect to any medical malpractice claim asserted under the Federal Tort Claims Act (FTCA). Having reviewed the complaint and the parties' briefs, the Court agrees with the VA that a more definite statement of Plaintiff's claim is required.

Plaintiff alleges generally that VA medical practitioners did not meet the standard of care by failing to make, or erroneously making, the diagnosis of his carpal tunnel syndrome and trigger fingers and by failing to refer him to a specialist. (Doc. 1 at 3-4.) The complaint asserts the elements of a negligence claim and alleges in conclusory fashion that the negligent conduct caused Plaintiff injuries. (*Id.* at 6-7.) But the pleading requirements of Rule 8 require more.

Under Rule 8(a)(2), the complaint must provide a statement of the claim "*showing* that the pleader is entitled to relief" in order to give the defendant "fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (emphasis added). This requirement is met only where the complaint alleges

"enough facts to state a claim to relief that is plausible on its face." *Id.* at 570. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint – like the one in this case – that merely "offers labels and conclusions, a formulaic recitation of the elements of a cause of action, or naked assertions devoid of further factual enhancement will not suffice." *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014).

Moreover, the VA correctly notes that the complaint does not distinguish between the claim for disability benefits, over which the Court has no jurisdiction, and the purported tort claim for medical malpractice. It appears that Plaintiff was diagnosed with carpal tunnel syndrome and trigger fingers years before his VA compensation and pension exam in 2013, and that the purpose of that exam was not to diagnose the conditions but to determine whether the conditions were service connected and disabling. (Doc. 1-1 at 23.) The complaint does not identify any medical treatment (or lack thereof) separate and apart from the compensation and pension exam he received in connection with his claim for disability benefits. As explained above, however, the Court has no jurisdiction over any claim that "would require review of the circumstances of individual benefits requests[.]" *Recinto*, 706 F.3d at 1175.

Although the Court "construes pleadings liberally in their favor, [even] pro se litigants are bound by the rules of procedure." *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995); *see King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"). Here, Plaintiff's complaint fails to meet the pleading requirements of Rule 8. To the extent Plaintiff has a medical malpractice claim

that would not require review of the circumstances of his request for disability benefits, he may file an amended complaint asserting such claim under the FTCA no later than **April 28, 2017**. Plaintiff is warned that the case may be dismissed if he fails to file an amended complaint by this deadline. *See* Fed. Rs. Civ. P. 12(e), 41(b); *Ghazali*, 46 F.3d at 54 (affirming dismissal for the plaintiff's failure to follow the rules); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261-63 (9th Cir. 1992) (affirming dismissal where the plaintiff failed to comply with a court order).

The VA notes, correctly, that only the United States, and not individual agencies like the VA, may be sued for negligence and other torts under the FTCA. *See* 28 U.S.C. §§ 1346(b), 2679(a); *Kennedy v. U.S. Postal Serv.* 145 F.3d 1077 (9th Cir. 1998) (holding that "the United States is the only proper party defendant in an FTCA action"); *Allen v. Veterans Admin.*, 749 F.2d 1386, 1388 (9th Cir. 1984) (dismissing tort claim against the VA because "[i]ndividual agencies of the United States may not be sued" under the FTCA); *McAllister v. United States*, No. C 11 03858-MEJ, 2013 WL 2551990, at *2 (N.D. Cal. June 10, 2013) (noting that "it is well-established that the FCTA only authorizes lawsuits against the United States"). Plaintiff therefore is directed to name only the United States as a defendant in any amended complaint.

### C. The Requirements of A.R.S. § 12-2603

Under the FTCA, the United States may be held liable to the same extent as a private party would be under the same circumstances, 28 U.S.C. §§ 1346(b) and 2674, and liability for negligence is determined by the law of the state where the act occurred, *Beech Aircraft Corp. v. United States,* 51 F.3d 834, 838 (9th Cir. 1995). Thus, it is clear that "Arizona's statutory requirements regarding expert affidavits apply to FTCA claims." *Mann v. United States*, No. CV-13-1224-TUC-CKJ, 2014 WL 4230810, at * 6 (D. Ariz. Aug. 27, 2014) (collecting cases holding same).

Plaintiff states that he will comply with the requirements of A.R.S. § 12-2603 after service of initial disclosures (Doc. 13 at 2), which are due April 27, 2017 (Doc. 12 at 1). The VA requests that Plaintiff be directed to comply with § 12-2603 before the Rule 16

scheduling conference set for May 18, 2017. (Doc. 15 at 2.) The Court finds this request to be reasonable and appropriate under the circumstances.

Plaintiff therefore is ordered to comply fully with the requirements of A.R.S. § 12-2603 by **May 15, 2017**. Plaintiff initially brought his medical malpractice claim in state court in October 2015, and filed the present action more than five months ago. Plaintiff has had ample time to obtain the necessary expert opinion testimony under § 12-2603.

**IT IS ORDERED** that Defendant's motion to dismiss and for a more definite statement (Doc. 10) is **GRANTED**. The complaint is dismissed for lack of subject matter jurisdiction to the extent it seeks review of Defendant's administrative denial of disability benefits. Plaintiff shall have until **April 28, 2017** to file an amended complaint that asserts a plausible tort claim under the FTCA that is separate and apart from Defendant's denial of disability benefits. The Clerk is directed to terminate this action without further order if Plaintiff fails to timely file an amended complaint.

**IT IS FURTHER ORDERED** that Plaintiff shall comply fully with the requirements of A.R.S. § 12-2603 by **May 15, 2017**.

Dated this 14th day of April, 2017.

Douglas L. Rayes
United States District Judge